IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COXCOM, LLC, d/b/a COX COMMUNICATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPER TOWERS, INC., and WNAC, LLC,<br><br>    Defendants. | Case No. 1:21-cv-11124-DJC |

**PLAINTIFF COXCOM LLC'S RESPONSE TO
DEFENDANTS' EMERGENCY MOTION TO EXTEND THE TIME TO FILE AN
ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiff CoxCom LLC, d/b/a Cox Communications, ("Cox") consents to Defendants' request for an extension of their deadline to answer or otherwise respond to the Complaint until August 9, 2021—a professional courtesy, as the parties agreed earlier this week—and opposes their tactical request for a thirty-day extension. In opposition, Cox states that:

1. Defendants' thirty-day request prejudices Cox and lacks credibility.

2. The straightforward legal dispute before this Court is whether Defendants were required to assign a retransmission consent agreement (the "WNAC Agreement") when they sold a broadcast television station governed by that agreement. The plain language in the assignment provision of the WNAC Agreement, as well as black-letter contract law, make clear they were. (D. 1 ¶ 25.) But Defendants failed to assign the WNAC Agreement, as the agreement plainly requires and Defendants repeatedly represented they would. (D. 1 ¶¶ 31-32.)

3. By August 16, 2021, as Defendants know, Cox must make its first payment of licensing fees following the sale of the WNAC-TV broadcast television station from Defendants to Mission Broadcasting, Inc. ("Mission"). This deadline will set in motion a chain of

consequences, litigation, and more indemnity claims, and allowing Defendants to delay their response until after this critical juncture will only prejudice Cox. Nor will Defendants agree to terms for the August 16 payment or agree to indemnify Cox under the WNAC Agreement. It lacks credibility that Defendants now cite their own indemnity under their agreement with Mission as a ground for delay. (D. 15 ¶ 4.)

4. Defendants also know that Cox intends to move for a speedy hearing on its claim for declaratory judgment to resolve these issues. But Defendants will not agree to expedite declaratory judgment. Nor will Defendants agree to timely appear or join pleadings, as a declaratory judgment requires. *See, e.g.*, *Drinan v. Nixon*, 364 F. Supp. 853, 854 (D. Mass. 1973) ("Rule 57 does authorize the court to order a speedy hearing of an action for declaratory relief and to advance it on the calendar for that purpose. Implicit in such provision, however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading."). Accordingly, allowing Defendants to delay their response to the Complaint until August 30 will unnecessarily complicate the proceedings and ultimately prejudice Cox.

5. Defendants' suggestion to the Court that Cox delayed filing this Complaint lacks credibility. (D. 15 ¶ 2.) Defendants promised to notify Cox when a closing date has been set; they did not. Until the sale was consummated, and Defendants breached the WNAC Agreement, Cox was unable to seek relief in court. *See, e.g.*, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) ("Article III of the Constitution limits federal-court jurisdiction to 'cases' and controversies.'"); 28 U.S.C. § 2201 (Declaratory Judgment Act requires an "actual controversy" within the Court's jurisdiction).

6. As the Complaint details, Cox only knew in December 2020 that Defendants *may* breach the WNAC Agreement *if* the sale occurred. (D. 1 ¶ 34.) On December 29, 2020, Cox promptly notified Defendants that they would breach the WNAC Agreement by failing to require Mission to assume and agree to its terms. (D. 1 ¶ 35.) On January 12, 2021, Cox further notified Defendants that the breach would cause estimated minimum damages through February 28, 2023 (i.e., the remaining term of the agreement) of approximately $4 million in increased licensing fees. (D. 1 ¶ 36.) Mission, represented by the same lawyers here, rather than Defendants, responded by letter in January 2021 that Mission disagreed with Cox. That letter (not Cox) halted any "follow up." (D. 15 ¶ 2.)

7. Cox promptly filed the Complaint when the dispute was ripe. On June 18, Mission first notified Cox of the consummation of the sale of the WNAC station, effective on June 16, 2021. (D. 1 ¶ 39.) A few days later, Defendants confirmed the sale. (D. 1 ¶ 38.) But Defendants did not assign or require Mission to assume and agree to the WNAC Agreement as part of the sale, thus breaching the assignment provision of the Agreement. On July 7, within days of the notice, Cox filed this lawsuit for declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing, and statutory unfair trade practices under M.G.L. ch. 93A, § 11. (D. 1). Defendants were promptly served on July 9. (D. 9, 10.)

8. Defendants' motion omits Cox's multiple attempts in good faith to narrow this issue and request to include its position for the Court. On July 22, counsel for Defendants requested Cox's consent to a thirty-day extension of time to respond to the Complaint. As counsel for Cox explained, Cox would prefer to consent to an extension but was unable to agree to thirty days given the looming August 16 payment deadline and Defendants' refusal to (a) agree to terms related to

the payment, (b) agree to expedite review of Cox's declaratory judgment claim, or (c) propose another alternative that would not prejudice Cox.

9. On July 26, a new set of lawyers representing both Defendants and Mission requested a thirty-day extension. After several phone calls, counsel for the parties agreed to extend Defendants' deadline to respond to the Complaint to August 9. But Defendants continued to refuse to agree to terms related to the August 16 payment or to expedite Cox's declaratory judgment claim for a speedy hearing.

10. On July 29, instead of filing an agreed motion for extension of their pleading deadline until August 9, Defendants filed this emergency motion for a thirty-day extension. That emergency is of Defendants' own making, as Cox has maintained its position regarding the requested extension—as well as its willingness to reach an agreement that would provide Defendants with the time they seek, while avoiding unfair prejudice to Cox—since first contacted on July 22.

11. On July 30, after this emergency motion, Cox again asked Defendants to agree to terms related to the August 16 payment or to expedite Cox's declaratory judgment claim for a speedy hearing. Still, Defendants will not agree. Most importantly, the fact remains for the Court that a thirty-day extension will prejudice Cox. By August 16, as noted above, Cox must pay the first installment of licensing fees following the transfer of the WNAC station from Defendants to Mission. If Cox pays the lower rates under the WNAC Agreement, Cox will risk exposure to claims for breach of contract, copyright infringement, and/or FCC regulatory enforcement. At the same time, Defendants will have to indemnify and hold harmless Cox for any claims arising out of their failure to assign and require Mission to assume and agree to the WNAC Agreement. But Defendants will not agree to timely present this dispute for the Court.

WHEREFORE, Cox requests that this Court deny Defendants' emergency motion for extension and order them to answer or otherwise respond to the Complaint by August 9, 2021.

Dated: July 30, 2021      Respectfully submitted,

/s/ Brian Watson
Patricia Brown Holmes (*pro hac vice*)
Brian O'Connor Watson (*pro hac vice*)
Allison N. Siebeneck (*pro hac vice*)
Jeffrey W. Gordon
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
pholmes@rshc-law.com
bwatson@rshc-law.com
asiebeneck@rshc-law.com
jgordon@rshc-law.com
*Counsel for CoxCom, LLC, d/b/a Cox Communications*

## **CERTIFICATE OF SERVICE**

I certify that on July 30, 2021, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record and will likewise be available electronically to any attorneys of record who appear in this matter.

/s/ *Brian Watson*
Counsel for Plaintiff CoxCom, LLC,
d/b/a Cox Communications
