# EXHIBIT 8

# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Gary S. Lutzker
direct dial: 202.861.1782
glutzker@bakerlaw.com

**By Overnight Mail**
**Confirmation By Electronic Mail: monomoybound@gmail.com;**
**missionbroadcasting@gmail.com**

December 29, 2020

| | | |
|---|---|---|
| Super Towers, Inc.<br>34 Main Street<br>Wenham, MA  01984 | Mission Broadcasting, Inc.<br>30400 Detroit<br>Suite 304<br>Westlake, OH  44145 | Mission Broadcasting, Inc.<br>901 Indiana Avenue<br>Suite 375<br>Wichita Falls, TX 76301 |
| Attn:  Timothy Sheehan, President | Attn: Dennis Thatcher, President | Attn: Dennis Thatcher, President |

Re:   **Notice of Potential Breach of Retransmission Consent Agreements and Intentional Interference with Contractual Relations**

Dear Mr. Sheehan and Mr. Thatcher:

      Baker & Hostetter, LLP represents Cox Communications Inc. and its affiliates and subsidiaries, including without limitation CoxCom, LLC d/b/a/ Cox Communications (collectively, "**Cox**").  Cox recently provided us with, among other things, copies of Mr. Sheehan's correspondence to Cox dated November 5; November 16; and December 18, 2020 (the "**Super Towers Correspondence**"), as well as Cox's responsive correspondence dated December 10, 2020 (the "**Cox Letter**"), in connection with a pending transaction in which Mission Broadcasting, Inc. ("**Mission**") proposes to acquire from Super Towers, Inc. and its wholly owned subsidiary, WNAC, LLC (collectively, "**Super Towers**"), the Federal Communications Commission ("**FCC**") broadcast license of television station WNAC-TV, Providence, Rhode Island ("**WNAC**" or the "**Station**") along with certain assets related to the business and operation thereof (the "**Proposed Transaction**").

      We have reviewed among other things the Retransmission Consent Agreement dated March 1, 2017, as amended on February 11, 2020, by and between Super Towers, Inc. and its

Mr. Timothy Sheehan
Mr. Dennis Thatcher
December 29, 2020
Page 2

wholly owned subsidiary, WNAC, LLC, and CoxCom, LLC d/b/a Cox Communications (the "**WNAC RTC Agreement**"), as well as the Retransmission Consent Agreement dated December 28, 2018 by and between Mission Broadcasting, Inc. and CoxCom, LLC d/b/a Cox Communications (the "**Mission RTC Agreement**").  Based on that review and the facts and circumstances described below, Cox hereby notifies Super Towers, Mission, and the Station that consummation of the Proposed Transaction absent the assignment to and assumption of the WNAC RTC Agreement by Mission will constitute a breach by Super Towers of the WNAC RTC Agreement.  Cox further notifies Mission that its refusal to assume the WNAC RTC Agreement upon consummation of the Proposed Transaction will constitute tortious interference with the obligations of Super Towers under the WNAC RTC Agreement.

Cox intends to enforce its rights under the WNAC RTC Agreement and the Mission RTC Agreement (collectively, the "**Agreements**") to the full extent allowed by law.  Cox nevertheless would prefer to resolve these issues in accordance with the parties' legitimate expectations under the Agreements.  Cox therefore suggests a meeting among Cox, Super Towers, and Mission before the potential consummation of the Proposed Transaction to discuss a possible resolution of these matters that may avoid litigation which otherwise apparently would be necessary to enforce Cox's rights.

I. **Mission's Failure To Assume And Abide By The Terms Of The WNAC RTC Agreement Upon Consummation Of The Proposed Transaction Will Constitute A Breach Of The Agreement By Super Towers**.

Section 18(b) of the WNAC RTC Agreement unambiguously and explicitly conditions any sale, transfer, assignment, or disposition of Super Towers' ownership interest in the Station on Mission's assumption of the WNAC RTC Agreement, its applicable terms and conditions, and Mission's agreement to abide by the terms of the WNACT RTC Agreement through the remainder of its Term.  This includes Mission's agreement that the terms of the WNAC RTC Agreement supersede those of the Mission RTC Agreement regardless of any conflicting provisions therein that purport to supersede the WNAC RTC Agreement.  Under Section 18(b), moreover, these obligations apply regardless of the Mission RTC Agreement, and regardless of any conflicting "after-acquired station" language contained in it.  Section 18(b) specifically provides that:

> if Broadcaster sells, transfers, assigns or otherwise disposes of its ownership interest in one or more Stations to a third party (the "Station Transferee"), then at Operator's request, Broadcaster shall require such Station Transferee (i) to assume this Agreement with respect to such Station(s) and the applicable terms and conditions hereof and agree to abide by the terms hereof through the remainder of the Term, regardless of whether Operator has a retransmission consent agreement in effect with such Station Transferee for the carriage of other broadcast television signals (and regardless of any conflicting "after-acquired station" language contained therein to the contrary, and (ii) to agree that the terms herein shall supersede any conflicting provision in any such other retransmission consent agreement, regardless of which agreement

Mr. Timothy Sheehan
Mr. Dennis Thatcher
December 29, 2020
Page 3

>was signed later and regardless of any conflicting provision in such other agreement that purports to supersede conflicting provisions in other agreements

Section 18(b) allows no reasonable doubt regarding Super Towers' obligation to ensure that Mission assume and abide by the WNAC RTC Agreement, and the Cox Letter indisputably requested that Super Towers fulfill its obligation under Section 18(b). Therefore, if the Proposed Transaction is consummated without Mission's assumption of the WNAC RTC Agreement consistent with the requirements of Section 18(b), Super Towers will have breached that Agreement.[1]

II. **The Super Towers Correspondence Demonstrates An Understanding Of Its Obligations Under The WNAC RTC Agreement And Mission's Attempt To Induce A Breach Of Those Obligations**.

Until receiving the Super Towers December 18 Correspondence, Cox reasonably relied on Super Towers' repeated acknowledgements that it understood its obligations under Section 18(b) of the WNAC RTC Agreement and intended to comply with them. In the Super Towers November 5 Correspondence informing Cox of the Proposed Transaction, for example, Super Towers stated "that on the closing date of the transaction . . . Super Towers, Inc. (and its wholly owned subsidiary, WNAC, LLC) intends to assign to Mission" the WNAC RTC Agreement. The Super Towers November 16 Correspondence similarly asserted "that the closing of its assignment of its FCC license and its sale of the Station to Mission will occur in December, *and that as part of the closing, Super Towers will assign to Mission, and Mission will assume, the RTC Agreement*." (Emphasis added). As the foregoing demonstrates, Super Towers fully understood its obligations under Section 18(b) of the WNAC RTC Agreement, and repeatedly communicated to Cox a commitment to comply with those obligations.

The Super Towers November 16 Correspondence also acknowledged that Mission *et al*. had been given access to the WNAC RTC Agreement pursuant to the confidentiality provisions set forth in Section 16 thereof.[2] Mission, therefore, was fully aware of Super Towers' obligations under Section 18(b) of the WNAC RTC Agreement. Given these circumstances, the statement in Super Towers December 18 Correspondence that "Mission Broadcasting has informed Super Towers that WNAC-TV will comprise an 'after-acquired' station under the Mission/Cox retransmission consent agreement, instead of its assuming the Super Towers/Cox RTC Agreement, which would thus terminate at closing" represents an obvious attempt by

---

[1] Even if Super Towers were simply assigning the WNAC RTC Agreement to Mission as an "entity acquiring all or substantially all of the assets of Broadcaster or any Station(s)," Section 18(b) provides that "any [such] assignee assume[] all of Broadcaster's obligations arising hereunder with respect to the applicable Station(s)."

[2] "Mission and Nexstar have requested information and/or copies of the RTC Agreement, and as a condition thereto, they have agreed in writing to abide by the confidentiality provisions set forth in Section 16 of the RTC Agreement. They have further agreed that prior to closing WNAC will only provide redacted versions of the RTC Agreement that shall not include any fee or rate per subscriber information."

Mr. Timothy Sheehan
Mr. Dennis Thatcher
December 29, 2020
Page 4

Mission to induce Super Towers to breach the very obligations of the WNAC RTC Agreement with which Super Towers had previously asserted it would comply.

**III. Conclusion**.

      Cox reserves all its rights under the Agreements and intends to enforce them to the fullest extent allowed by law.  Please contact the undersigned immediately if you are interested in discussing a potential resolution of the issues outlined above prior to consummation of the Proposed Transaction.

                                       Sincerely,

                                       Gary S. Lutzker
                                       Counsel for Cox Communications, Inc.

cc:  Andrew I. Albert (e-mail only)
     Chris Tygh (e-mail only)
     Law Offices of Jack N. Goodman jack@jackngoodman.com
     Chris Sullivan (e-mail only) Sullivan.chrisr@gmail.com
     Nexstar Broadcasting Group, Inc.
        Attn: General Counsel
     ID Media
        Attn: Eric Sahl