IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COXCOM, LLC, d/b/a COX COMMUNICATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPER TOWERS, INC., and WNAC, LLC,<br><br>    Defendants. | Case No. 1:21-cv-11124-DJC |

## PLAINTIFF COXCOM LLC'S AGREED
## MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff CoxCom LLC, d/b/a Cox Communications, ("Cox") requests that this Court seal Exhibit 1, Exhibit 2, and Exhibit 3 to the Declaration of Chris Tygh in Support of Motion for Declaratory Judgment.  (D. 17.)  Cox respectfully requests that these documents be maintained under seal in this action.  In support thereof, Cox states as follows:

1.      Exhibits 1 and 2 are highly sensitive documents that are subject to a confidentiality agreement: Section 16 of Exhibit 1 requires that its terms (and thereby the terms of Exhibit 2) not be disclosed to any third party except to the extent necessary to comply with applicable law or the valid order of a court of competent jurisdiction, or as part of normal reporting to or review procedure of a party's parent company, auditors, or attorneys, or as part of consolidated reporting as may be required by network affiliation agreements, or to potential investors and purchasers, in order to enforce a party's rights under the Agreement, or if mutually agreed upon in writing.  None of those exceptions apply here.

2.      Exhibit 3 is a highly sensitive document documents that is subject to a confidentiality agreement: Section 18 of Exhibit 3 requires that its terms (and thereby the terms of

Exhibit 2) not be disclosed to any third party except to the extent necessary to comply with applicable law or the valid order of a court of competent jurisdiction, or as part of normal reporting to or review procedure of a party's parent company, auditors, or attorneys, or as part of normal reporting to network programming suppliers, or to potential investors and purchasers, in connection with a sale or transfer, to submit reports or disclosures required by an exchange on which party's securities are traded, or if mutually agreed upon in writing.  None of those exceptions apply here.

3. The three agreements attached as Exhibit 1, Exhibit 2, and Exhibit 3 are clearly confidential and contain sensitive business information and strategy that should be maintained as confidential.

4. This Court should grant leave to file under seal Exhibits 1, 2, and 3—all retransmission agreements—because they each contain non-public and sensitive business information, including rate information. *See Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-cv-01054, 2016 WL 5817176, at *19 (C.D. Ill. Sept. 30, 2016) (holding document containing discussion of "pricing terms and negotiation strategy" must remain under seal). If publicly available, the parties' and non-parties' competitors could use the information contained in the retransmission agreements to their detriment. *See SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) ("The reason for secrecy is that [the agreement] contains information about terms and conditions … that might give other firms an unearned competitive advantage …."). Moreover, as noted above, each retransmission agreement contains confidentiality provisions restricting disclosure.

5. "[D]uring the discovery stage, the public's right of access is diminished because '[p]ublic access to the discovery process [does not] play a significant role in the administration of

justice.' Furthermore, "'privacy rights of participants and third parties[ ] are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.'"" *Hayes v. McGee*, No. CIV.A. 10-40095-TSH, 2014 WL 198407, at *3 (D. Mass. Jan. 13, 2014) (citations omitted). Here, Cox seeks to protect sensitive and competitive business information for not only itself but also Defendants and a third party, Mission Broadcasting, Inc.

6.  Cox's request to seal certain parts of the supporting record is also narrow. These three documents constitute a small subset of the record, and sealing these exhibits will not materially interfere with the public's ability to understand the issues in this litigation.

7.  Accordingly, Cox requests that the Court seal Exhibit 1, Exhibit 2, and Exhibit 3 to the Declaration so that it is non-public.

8.  Defendants consent to the relief requested in this motion.

9.  Given the good cause established above, Cox requests that these materials remain sealed until further order of the court. At the conclusion of this matter, Cox requests that the materials be returned to it.

WHEREFORE, Cox respectfully requests that the Court grant this motion, and seal Exhibit 1, Exhibit 2, and Exhibit 3 to Dkt 17.

Dated: August 2, 2021            Respectfully submitted,

*/s/ Brian O'Connor Watson*
Patricia Brown Holmes (*pro hac vice*)
Brian O'Connor Watson (*pro hac vice*)
Allison N. Siebeneck (*pro hac vice*)
Jeffrey W. Gordon
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
pholmes@rshc-law.com
bwatson@rshc-law.com
asiebeneck@rshc-law.com

3

jgordon@rshc-law.com
*Counsel for CoxCom, LLC, d/b/a Cox Communications*

## **LOCAL RULE 7.1 CERTIFICATE**

I certify that I conferred with opposing counsel on August 2, 2021 in a good faith effort to narrow or resolve the issues presented by this motion.

/s/ *Brian O'Connor Watson*
Counsel for Plaintiff CoxCom, LLC,
d/b/a Cox Communications

## CERTIFICATE OF SERVICE

I certify that on August 2, 2021, the foregoing document was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record and will likewise be available electronically to any attorneys of record who appear in this matter.

/s/ *Brian O'Connor Watson*
Counsel for Plaintiff CoxCom, LLC,
d/b/a Cox Communications