*Execution*

# RETRANSMISSION CONSENT AGREEMENT

This Agreement is made as of this 28th day of December, 2018 ("*Agreement Date*") by and between Mission Broadcasting, Inc. ("*Broadcaster*") and CoxCom, LLC d/b/a Cox Communications ("*Operator*").

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted


Redacted

4.     **Term**.  The term of this Agreement is for a period commencing on the Effective Date and ending at 11:59 p.m. central time on December 31, 2021, unless terminated earlier pursuant to the terms of this Agreement ("*Term*").

Redacted

6.     **Copyright Matters**.

(a)     Copyrights.  Retransmission of a Station's Signal or any portion thereof pursuant to this Agreement does not convey any license or sublicense in or to the copyrights of and to the underlying programming transmitted by the Station. Operator recognizes Licensee's exclusive right, title and interest in and to the Signal and/or the Stations' copyright licenses to broadcast the

*Execution*

programming and the marks, names and logos of the programming that may hereafter be used. Licensee has no obligation to secure copyright license rights and/or pay applicable copyright fees through individual agreements with copyright owners or through the perfection of compulsory licenses with respect to any programming content of a Station retransmitted over the Systems, and it will remain solely the obligation of Operator to ensure, and Operator warrants that it will so ensure, that its retransmission of all copyrighted programs included in the Station's Signal are appropriately licensed for retransmission on the System under the statutory copyright license or otherwise. Licensee expressly disclaims any representation or warranty concerning the availability of copyrights to programming included in the Signals whether directly or by operation of law. Operator shall indemnify Broadcaster and its affiliates (including controlling persons and related companies), directors, shareholders, members, employees and agents for, and shall hold them harmless from and against, any and all claims, liabilities, costs, damages, losses and expenses which are sustained or incurred by or asserted against any of them and which arise out of (i) any failure by Operator to obtain copyrights for programming or other material in any Program Stream or (ii) any carriage or retransmission of any Signal except as permitted by this Agreement.



Redacted

Redacted

Redacted

Redacted

Redacted





Redacted

17.   **Applicable Law**.  This Agreement will be governed by and construed under and in accordance with the laws (excluding the choice of law provisions) of the State of New York subject to applicable provisions of the Act and the FCC's Rules.  Nothing herein shall require any party to take any action that would result in the violation of any applicable federal, state or local law or regulation.



Redacted

19.   **After-Acquired Stations/Systems**.

(a)   Subsequently Acquired Systems.  Each system that is built or acquired by Operator subsequent to the date hereof and that qualifies as an Eligible System (each, a "*Subsequently Acquired System*") shall be included as an Eligible System hereunder and shall be subject to the terms and conditions of this Agreement.  Operator shall notify Broadcaster within thirty (30) business days after entering into any agreement to acquire any MVPD system that would qualify as an Eligible System hereunder or as soon as practicable of any plans to build any additional

16

*Execution*

system(s) that would qualify as Eligible System(s) hereunder.  Operator shall furnish to Broadcaster a revised Exhibit B incorporating such Subsequently Acquired System within thirty (30) days of the Addition Date (as defined below), provided that such Subsequently Acquired Systems shall be deemed included on such Exhibit B regardless of whether such revised Exhibit B is actually provided by Operator.

(b)    Subsequently Acquired Stations.  Each television station that after the date hereof is acquired by Broadcaster or an entity directly or indirectly controlling, controlled by or under common control with Broadcaster to the extent permitted under the FCC's Rules ("*Subsequently Acquired Station*") shall be included as a Station hereunder and shall be subject to the terms and conditions of this Agreement if Operator provides service via an Eligible System to any Subscribers in such Station's DMA.  Broadcaster shall notify Operator after entering into an agreement to own any Station serving a DMA in which Operator owns an Eligible System.  If a Subsequently Acquired Station is included as a Station under this Agreement, then Broadcaster shall furnish to Operator a revised Exhibit A incorporating such Subsequently Acquired Station, provided that such Subsequently Acquired Stations shall be deemed included on such Exhibit A regardless of whether such revised Exhibit A is actually provided by Broadcaster.

(c)    All Systems and Stations.  Except as otherwise provided below, for the avoidance of doubt, the provisions of this Section 19 shall control all retransmission of television stations acquired by Broadcaster or an entity directly or indirectly controlling, controlled by or under common control with Broadcaster after the date hereof on all Eligible Systems owned, built or acquired by Operator during the term notwithstanding any conflicting provisions contained in any agreements between Operator and any third party, and shall apply regardless of whether Broadcaster assumes or accepts assignment of any such agreements.

(d)    Addition Date.  For each Subsequently Acquired System or Subsequently Acquired Station which is included in this Agreement, each such Subsequently Acquired System or Subsequently Acquired Station shall be subject to the terms and conditions of this Agreement thirty (30) days after the date of such acquisition (as applicable, the "*Addition Date*").  For clarification, with respect to Subsequently Acquired Systems, Operator shall carry the signal of each applicable Station in accordance with the terms of this Agreement as of the Addition Date.  For clarification, with respect to Subsequently Acquired Stations, Operator shall carry the Signal of each Station as of the Addition Date.


Redacted

Redacted



Redacted



*Execution*

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

**CoxCom, LLC d/b/a Cox Communications**          **Mission Broadcasting, Inc.**

By: _____                By: _____
Name: _Andrew I. Albert_                  Name: Dennis Thatcher
Title: _SVP, Content Acquisition_         Title: President

20





Redacted

