IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COXCOM, LLC, d/b/a COX COMMUNICATIONS,<br><br>          Plaintiff,<br><br>     v.<br><br>SUPER TOWERS, INC., and WNAC, LLC,<br><br>          Defendants. | Case No. 1:21-cv-11124-DJC |

**PLAINTIFF COXCOM, LLC'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S EMERGENCY MOTION FOR DECLARATORY JUDGMENT**

CoxCom, LLC, d/b/a Cox Communications, ("Cox") submits this partial opposition to Defendants Super Towers, Inc. ("Super Towers") and WNAC, LLC's ("WNAC") motion to extend the time to respond to Cox's emergency motion for declaratory judgment (D. 31).

**I.      INTRODUCTION**

Defendants' delays prejudice Cox, and their motion does not suggest otherwise. (D. 31 ¶¶ 1-8.) Cox agrees that Defendants should respond to the motion for declaratory judgment with their response to Cox's complaint, which the Court has allowed by August 30, 2021 (D. 33). However, Cox disagrees that Defendants may continue their response until sometime "after" their answer to the complaint. (D. 31 ¶ 8.) Defendants' continued delays will prejudice Cox because (1) Cox now faces a breach or "go dark" threat by counsel for Defendants and third-party Mission Broadcasting if declaratory judgment does not issue by September 17, 2021; (2) Defendants have refused to agree to any terms, including timing of a hearing or briefing, expedited discovery, stipulated facts, protective or ESI orders, indemnity, payments, proposed renewals, or a litigation standstill; and (3) Defendants' arguments for further delays are unfounded and unsupported.

## II.     ARGUMENT

### A.     Defendants' Delays Prejudice Cox.

Cox filed this action on July 7, 2021, and served Defendants immediately, days after Defendants closed their deal with third-party Mission and failed to assign the WNAC Agreement, as the agreement plainly requires and Defendants represented they would.  (D. 1.)  Defendants' response to the complaint was due by July 30, 2021.  (D. 9, 10.)  At Defendants' request, Cox extended their response deadline as a professional courtesy to August 9, 2021, but explained that Cox could not grant a longer request because of the August 16, 2021 contractual payment deadline.  Even still, Cox offered a further extension if the parties could agree on the August 16 payment or a speedy hearing date for Cox's motion for declaratory judgment.  But Defendants refused to agree to any terms or even negotiate them.

Defendants then waited until July 29, 2021, to move for an "emergency" extension of time to answer the complaint.  (D. 15.)  Defendants asked for a 30-day extension to August 30, 2021, well beyond the date Cox owed its payment to third-party Mission on August 16, 2021.  Among other reasons for their 30-day delay, Defendants cited "summer vacation plans and other matters" for why they could not respond by July 30, 2021 (D. 15 ¶ 6).  Yet, in multiple meet-and-confer conferences, Defendants had never mentioned these reasons for delay.  This Court ultimately granted Defendants an extension to respond to the complaint by August 30, 2021.  (D. 33.)

Meanwhile, on August 3, 2021, Cox filed an emergency motion for declaratory judgment (D. 17) and motion for a speedy hearing (D. 18).  Cox requested expedited briefing on the plain language and declaratory judgment by August 16, 2021—i.e., to resolve a contract dispute involving only narrow legal issues (D. 18).  Instead of timely responding to the motion, Defendants opposed Cox's request for a speedy hearing (D. 30) and filed this motion for an extension of time to respond to the declaratory judgment motion (D. 31).  Defendants requested that this Court permit

2

Defendants to file a response to the declaratory judgment motion "contemporaneous [sic] with *or after*" their response to Cox's complaint on August 30, 2021 (D. 31 ¶ 8; emphasis added).

Defendants' repeated delays prejudice Cox.  Now that August 16, 2021, has passed due to Defendants' delays, Cox has paid the lower rates to third-party Mission under the terms of the WNAC Agreement.  Defendants and third-party Mission's counsel responded *without any delay* on August 18, 2021, with a purported notice of breach claiming that this lawsuit and the August payment breach the separate, third-party Mission Agreement.  (Ex. A.)  Their notice gave Cox 30 days to cure.  (*Id.*)  Cox thus has until September 17, 2021, to cure the purported notice of breach from Defendants and third-party Mission's counsel, who did not, and still will not, identify the alleged terms to cure.  *Ulla-Maija, Inc. v. Kivimaki*, No. 02 CIV. 3640 (TPG), 2005 WL 2429490, at *4 (S.D.N.Y. Sept. 30, 2005) ("It is settled law … that the notice must be specific enough so as to give the other party a reasonable opportunity to cure the breach if this can be done.").

Moreover, as Cox warned in its opposition to Defendants' first extension (D. 16), should Defendant and third-party Mission's counsel take the position that Cox has failed to cure the purported breach by September 17, 2021, third-party Mission may sue Cox for breach of contract, bring claims of copyright infringement, or institute FCC regulatory enforcement proceedings—all of which Defendant must indemnify with attorneys' fees under the WNAC Agreement.  Third-party Mission may also force its stations to "go dark" for all Cox subscribers, depriving roughly 10,000 viewers of their local broadcast television at a time when new COVID variants have changed the pandemic and harming Cox's reputation.  As the record makes clear, and Defendants do not claim otherwise in their motion (D. 31 ¶¶ 1-8), Defendants' delays will prejudice Cox.

    **B.**    **Defendants Refuse to Negotiate a Reasonable Interim Solution.**

Despite the real, prejudicial consequences of delay outlined above, Defendants have not, and will not, agree to any terms that might avoid these harms.  Indeed, despite Cox's repeated

attempts to negotiate a temporary agreement while the motion for declaratory judgment is pending, Defendants have refused to negotiate or offer any counterproposals to Cox.  Defendants have also refused to indemnify Cox against any action or claim arising out of Defendants' failure to assign the WNAC Agreement to third-party Mission and failure to require third-party Mission to assume the agreement.  (Ex. B.)

Additionally, beyond the merits of this dispute, Defendants have refused to agree to anything in this litigation, such as hearing or briefing schedules, expedited discovery, stipulated facts, protective or ESI orders, or anything that could speed the matter along for the Court.  Fed. R. Civ. P. 1 (requiring "the just, speedy, and inexpensive determination of every action and proceeding").  If Defendants continue to prejudice Cox through their delays, Defendants should at least work with Cox to reach a reasonable temporary resolution, which they have failed to do to date.  Defendants' reason is obvious and tactical: delays will only harm Cox and benefit Defendants.

### C. Defendants Offer No Reason to Support Their Delay.

Defendants' motion implies that the reasons requiring their delay are self-evident, because they offer none.  Instead, Defendants "respectfully suggest that it would be more appropriate for their opposition . . . to be filed contemporaneous with [sic] or after their forthcoming response to Cox's complaint" (D. 31 ¶ 8).  Defendants offer nothing to support this assertion in either their meet-and-confers with Cox or their motion—no authority, no explanation, no basis.  Nor do they state that their motion will not prejudice any party or that it is not made for the purpose of delay.

In fact, for all the reasons Cox has submitted to this Court on the impending harm to Cox and its subscribers, now imminent by September 17, 2021, it is imperative that Defendants submit their already belated response by August 30, 2021.  Defendants' prompt compliance is critical to allow this Court to hold an expedited hearing; rule on Cox's motion for declaratory judgment;

4

secure the just, speedy, and inexpensive determination of this litigation; and prevent even further litigation.

Finally, Defendants imply that Cox somehow contributed to their delay.  (D. 31 ¶¶ 1-2.) But as Cox has already explained to the Court, Defendants failed to notify Cox when a closing date for sale of the WNAC station to Mission would be set, and Cox could not file this action until breach of the WNAC agreement occurred in consummation of a sale that lacked assignment to and assumption by Mission of the WNAC Agreement.  (*See* D. 16 ¶¶ 5–7.)  Cox filed this suit mere days after finally receiving notice and has been trying to negotiate resolution ever since.  (*Id.*)  The truth is that Defendants and third-party Mission's counsel have turned away any possible resolution since their January 18, 2021 letter.  (D. 17-13.)

### III.    CONCLUSION

For these reasons, Cox requests that this Court deny Defendants' motion for an extension insofar as Defendants request relief allowing them to respond to the motion for declaratory judgment beyond August 30, 2021 (D. 31 ¶ 8).

Dated: August 25, 2021

Respectfully submitted,

*/s/ Brian O. Watson*
Patricia Brown Holmes (*pro hac vice*)
Brian O'Connor Watson (*pro hac vice*)
Allison N. Siebeneck (*pro hac vice*)
Jeffrey W. Gordon
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
pholmes@rshc-law.com
bwatson@rshc-law.com
asiebeneck@rshc-law.com
jgordon@rshc-law.com

*Counsel for CoxCom, LLC,
d/b/a Cox Communications*

5

## CERTIFICATE OF SERVICE

    I certify that on August 25, 2021, these papers were electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record and will likewise be available electronically to any attorneys of record who appear in this matter.

                                            /s/ *Brian O. Watson*
                                            Counsel for Plaintiff CoxCom, LLC,
                                            d/b/a Cox Communications