# EXHIBIT B



Brian O'Connor Watson<br>
(312) 471-8776<br>
bwatson@rshc-law.com

August 18, 2021

**VIA EMAIL**

Super Towers, Inc.
    Attn: Timothy Sheehan, President
WNAC LLC
    Attn: Timothy Sheehan, Manager
c/o Matthew Solum
Kristina R. Cary
Brittney Nagle
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
msolum@kirkland.com
kristina.cary@kirkland.com
brittney.nagle@kirkland.com

Jack N. Goodman
2101 L Street, NW
Suite 300
Washington, DC 20036
jack@jackngoodman.com

    Re:    **Notice of Breach and Request for Cure
Under Retransmission Consent Agreement**

Dear Mr. Sheehan and Mr. Goodman:

    CoxCom, LLC d/b/a Cox Communications ("Cox") gives notice of breach and requests cure under Section 15 of the March 1, 2017 Retransmission Consent Agreement and the February 11, 2020 Amendment to Retransmission Agreement (collectively, "WNAC Agreement") that Super Towers, Inc. ("Super Towers") and WNAC, LLC ("WNAC").

    **Confidentiality.** Super Towers and WNAC have disclosed confidential information in breach of Section 16 of the WNAC Agreement and Section 18 of the December 28, 2018, Retransmission Consent Agreement with Mission Broadcasting, Inc. As of December 18, 2020, Super Towers and WNAC had represented to Cox that "we have not provided a copy of the RTC Agreement to Mission, nor do we know the terms of the Mission/Cox agreement." Cox requests that Super Towers and WNAC confirm all confidential information has been re-secured and provide the terms of the confidential treatment of the disclosed information, including the names of anyone who received the information, the names of anyone who disclosed the information, and when the information was disclosed.

    **Indemnity.** Super Towers and WNAC have declined to indemnify and hold harmless Cox under Section 14 of the WNAC Agreement for their breach of the WNAC Agreement. On

August 18, 2021
Page 2

August 18, 2021, Cox received a notice of breach from Mission, which is attached as Exhibit 1. Cox understands from prior communications that Super Towers and WNAC will neither pay the claimed difference to Mission, nor agree to any terms related to payments to Mission or the Losses (as defined in the WNAC Agreement, including attorneys' fees), nor make good-faith efforts to cure their breach of their indemnity obligations to Cox. Cox therefore understands that breach of indemnity obligations and duties will not be cured.

**Assignment.** Super Towers and WNAC have now claimed that they assigned the WNAC Agreement to Mission as of June 16, 2021. Previously, on December 18, 2020, Super Towers and WNAC represented to Cox that Mission will not assume the WNAC Agreement and that WNAC Agreement will terminate at closing. Before that, on November 5, 2020 and November 16, 2020, Super Towers and WNAC had represented to Cox that Super Towers will assign to Mission, and Mission will assume the WNAC Agreement. Section 18 of the WNAC Agreement makes clear that a valid assignment "shall require such Station Transferee (i) to assume this Agreement with respect to such Station(s) and the applicable terms and conditions hereof and agree to abide by the terms hereof through the remainder of the Term, regardless of whether Operator [Cox] has a retransmission consent agreement in effect with such Station Transferee for the carriage of other broadcast television signals (and regardless of any conflicting 'after-acquired station' language contained therein to the contrary, and (ii) to agree that the terms herein shall supersede any conflicting provision in any such other retransmission consent agreement, regardless of which agreement was signed later and regardless of any conflicting provision in such other agreement that purports to supersede conflicting provisions in other agreements." Cox requests that Super Towers and WNAC confirm the claimed assignment includes these terms and provide a copy of the assignment.

Although Cox will be entitled to discovery in litigation and Super Towers and WNAC have declined any expedited disclosures and discovery, Cox makes this request at this time under the terms of the WNAC Agreement and subject to all current or future rights Cox may seek to enforce.

Sincerely,

*[signature]*

Brian O'Connor Watson

4841-0190-5140, v. 2

EXHIBIT 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Matthew Solum, P.C.
To Call Writer Directly:
+1 212 446 4688
matthew.solum@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 18, 2021

Brian O'Connor Watson
Riley Safer Holmes & Cancila LLP
70 Madison St., Ste 2900
Chicago, Illinois 60602
bwatson@rshc-law.com

Re: Notice of Breach

Dear Mr. Watson:

As you know, Mission Broadcasting, Inc. ("Mission") acquired television station WNAC ("WNAC") from WNAC, LLC on June 16, 2021. Pursuant to Section 19(b) of the Mission Retransmission Consent Agreement between Mission and CoxCom, LLC d/b/a Cox Communications ("Cox"), dated December 28, 2018 (the "Agreement"), the Agreement controls the retransmission of WNAC's broadcast signal to Cox's subscribers in the Providence and New Bedford area.

Nevertheless, on July 7, 2021, Cox filed a lawsuit (the "Lawsuit") against Super Towers, Inc. ("Super Towers") and WNAC, LLC (collectively, "Defendants") alleging that a separate retransmission agreement among Cox, WNAC and Super Towers (the "WNAC Retransmission Agreement") somehow governs the retransmission of that broadcast signal. The Lawsuit does not even mention the Agreement.

Cox is continuing to prosecute the Lawsuit and, on August 13, 2021, has ostensibly paid Mission for the retransmission of WNAC's broadcast signal to Cox's subscribers in the Providence and New Bedford area pursuant to the WNAC Retransmission Agreement.

Cox's filing and prosecution of the lawsuit and its August 13, 2021 payment are in breach of the Agreement.

Cox must remedy these breaches within thirty (30) days.

## KIRKLAND & ELLIS LLP

Brian O'Connor Watson
August 18, 2021
Page 2

    Mission reserves all rights.

                                          Regards,

                                        Matthew Solum, P.C.