UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COXCOM, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUPER TOWERS, INC., ET AL.,<br><br>                    Defendants. | Case No. 1:21-cv-11124-DJC |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS SUPER TOWERS, INC. AND WNAC, LLC'S MOTION TO DISMISS VERIFIED COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 4

ARGUMENT .................................................................................................................................. 5

I.  MISSION BROADCASTING IS A NECESSARY PARTY UNDER RULE 19(A) ............................................................................................................................. 5

    1.  Complete Relief Cannot Be Accorded Without Mission Broadcasting ................. 6

    2.  Mission Broadcasting's Rights Will Be Significantly Impeded. ........................... 7

    3.  Mission Broadcasting Has No Obligation to Intervene, And Failure to Intervene Does Not Forfeit an Interest ................................................................. 11

II. Mission Broadcasting Cannot Be Joined .......................................................................... 12

III. Under Rule 19(b), The Court Should Dismiss The Complaint Instead Of Allowing It To Proceed In Mission Broadcasting's Absence .......................................................... 14

CONCLUSION ............................................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acton Co. v. Bachman Foods, Inc.*,
   668 F. 2d 76 (1st Cir. 1982) ................................................................................3, 4, 5, 7

*American Honda Motor Co., Inc. v. Clair Intern., Inc.*,
   1999 WL 414323 (D. Mass Apr. 16, 1999) ..................................................................11

*Applera Corp. v. Michigan Diagnostics, LLC*,
   594 F. Supp.2d 150 (D. Mass. 2009) ............................................................................10

*Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon*,
   728 F. Supp.2d 14 (D. P.R. 2010) ...................................................................................5

*Downing v. Globe Direct LLC*,
   806 F. Supp. 2d 461 (D. Mass. 2011) ..................................................................... *passim*

*Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*,
   968 F.2d 1463 (1st Cir. 1992) .........................................................................................6

*Gonzalez v. Cruz*,
   926 F.2d 1 (1st Cir.1991) ......................................................................................3, 4, 5

*Latin Uno, Inc. v. Univision Communications, Inc.*,
   2019 WL 469843 (D. P.R. 2019) ....................................................................................5

*Liberty Mut. Group v. Hillman's Sheet Metal and Certified Welding, Inc.*,
   168 F.R.D. 90 (D. Maine 1996) ....................................................................................11

*Md. Cas. Co. v. Pac. Coal & Oil. Co*,
   312 U.S. 270 (1941) ........................................................................................................9

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ........................................................................................................9

*Micro Focus (US), Inc. v. Genesys* Software Systems, Inc.,
   2015 WL 4480358 (D. Mass. 2015) ..........................................................................9, 10

*New England Gen-Connect, LLC v. US Carburetion, Inc.*,
   2015 WL 13229183 (D. Mass. 2015) ............................................................................10

*Phio Pharms. Corp. v. Khvorova*,
   2019 WL 2393792 (D. Mass. June 6, 2019) ...................................................................7

*Phoenix Ins. Co. v. Delangis*,
   No. CIV.A. 14-10689-GAO, 2015 WL 1137819 (D. Mass. Mar. 13, 2015)............................12

*Picciotto v. Contl. Cas. Co.*,
   512 F.3d 9 (1st Cir 2008)..................................................................................................2, 12

*Plymouth Yongle Tape (Shanghai) Co., Ltd. v. Plymouth Rubber Co., LLC*,
   683 F. Supp. 2d 102 (D. Mass. 2009) ...................................................................................12

*Puerto Rico Medical Emergency Group, Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*,
   321 F.R.D. 475 (D. P.R. 2017) ................................................................................................5

*Tell v. Trustees of Dartmouth College*,
   145 F.3d 417 (1st Cir. 1998)..........................................................................................8, 9, 11

*The Aulson Co. v. Boston Ship Repair LLC*,
   No. 13-cv-10268, Dkt. 24, slip op. 1 (D. Mass. Dec. 26, 2013*)* ..............................................6

*Z & B Enterprises, Inc. v. Tastee–Freez Int'l, Inc.*,
   162 Fed. Appx. 16 (1st Cir. 2006) ...........................................................................................2

**Statutes**

28 U.S.C. § 1332................................................................................................................8, 11

28 U.S.C. § 1367.....................................................................................................................11

28 U.S.C. § 2201......................................................................................................................9

**Rules**

Fed. P. Civ. P. 19(a)(1)(B)(i) ...........................................................................................2, 4, 5, 8

Fed. R. Civ. P. 19..............................................................................................................10, 11

Fed. R. Civ. P. 19(A) ..........................................................................................................2, 8

Fed. R. Civ. P. 19(B)................................................................................................................11

Fed. R. Civ. P. 24....................................................................................................................10

Defendants Super Towers, Inc. ("Super Towers") and WNAC, LLC ("WNAC, LLC," and collectively, "Defendants") respectfully submit this Reply Brief in further support of their Motion to Dismiss the Verified Complaint (the "Complaint") filed by Plaintiff COXCOM, LLC, d/b/a Cox Communications ("Cox" or "Plaintiff").[1]

## PRELIMINARY STATEMENT

Plaintiff's opposition brief confirms that the Complaint must be dismissed because Plaintiff failed to name Mission Broadcasting, Inc., a non-diverse, necessary and indispensable party, as a defendant in this action. Plaintiff has no legitimate response. Instead, it seeks to distract the court by (1) arguing that complete relief can be accorded in Mission Broadcasting's absence (notwithstanding that such relief would infringe upon Mission Broadcasting's contractual rights vis-à-vis Plaintiff), (2) introducing irrelevant extrinsic evidence while still arguing that the case can be decided based on the pleadings and as a matter of law, and (3) attempting to shift blame to Mission Broadcasting by asserting that it failed to intervene. But none of this changes the fact that Mission Broadcasting is a necessary and indispensable party because if the Court were to grant Plaintiff's requested relief, Plaintiff would have a declaratory judgment order stating that the WNAC Retransmission Agreement controls the relationship between Mission Broadcasting and Plaintiff without Mission Broadcasting even having been heard on the position that the Mission Retransmission Agreement, in fact, controls the current relationship between Mission and Plaintiff.

Just as hopeless is Plaintiff's argument that this Court could have jurisdiction over Mission Broadcasting. Conceding there is no diversity between Plaintiff and Mission Broadcasting, Plaintiff posits that this Court has federal question jurisdiction, which would not be destroyed by

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint. Dkt. 40.

the addition of Mission Broadcasting. Not true. Plaintiff's federal question theory is a dead-end. Plaintiff asserts that there is federal question jurisdiction because it claims it could be subject to a copyright infringement claim under the Copyright Act and it therefore seeks a declaration that it is not violating the Copyright Act. But Mission Broadcasting owns WNAC, not Defendants. So there is no risk that Defendants could assert copyright infringement claims against Plaintiff; only Mission Broadcasting can do so. The Court cannot exercise federal question jurisdiction when there is not a valid claim implicating such jurisdiction. And Plaintiff's assertion that the Court can exercise supplemental jurisdiction without with destroying diversity is flat out incorrect. This Court simply cannot exercise jurisdiction over Mission Broadcasting in this action.

Because proceeding with this action without non-diverse Mission Broadcasting would be prejudicial to Mission Broadcasting and Plaintiff has an adequate alternative forum in state court, this action should be dismissed.

## ARGUMENT

### I.  MISSION BROADCASTING IS A NECESSARY PARTY UNDER RULE 19(A)

As explained in Defendants' opening brief, a party need only "meet one of the three criteria in Rule 19(a) to show necessity." *Picciotto v. Contl. Cas. Co.*, 512 F.3d 9, 16, n. 11 (1st Cir 2008); *Z & B Enterprises, Inc. v. Tastee–Freez Int'l, Inc.*, 162 Fed. Appx. 16, 20 (1st Cir. 2006), and as detailed more fully below, Defendants have sufficiently demonstrated that Mission is a necessary party pursuant to Rule 19(a)(1)(B)(i).

If the Court were to grant Plaintiff's requested relief, Mission Broadcasting would face a risk of being bound by a Court order setting aside its contractual rights without ever being heard on the matter. Dkt. 40 at 8. And even if Mission Broadcasting was not formally bound by the outcome and brought a separate action, an adverse ruling could "be a persuasive precedent in a

subsequent proceeding, and would weaken [its] bargaining position for settlement purposes." *Acton Co. v. Bachman Foods, Inc.*, 668 F. 2d 76, 78 (1st Cir. 1982). *See also Gonzalez v. Cruz*, 926 F.2d 1, 6 (1st Cir.1991) (holding that although a ruling against the absent party would not be binding in the state court, it "could, as a practical matter, impair [the absent party's] probability of success in a future proceeding and reduce its ability to reach a favorable settlement"). Granting Plaintiff's requested relief would potentially deprive Mission Broadcast of the benefit of its own contract with Plaintiff through February 2023. Further, since neither Super Towers nor WNAC are parties to the Mission Retransmission Agreement, they cannot adequately represent Mission Broadcasting's rights. Dkt. 40 at 8. Plaintiff's arguments to the contrary fail.

Plaintiff argues that Mission Broadcasting is not a necessary party because the dispute is about whether Defendants violated their obligations. Yet, Plaintiff's first requested relief is for an "order declaring that (a) Defendants were required to have Mission assume and agree to the WNAC Retransmission Agreement" and "(b) the terms of the WNAC Retransmission Agreement remain in full force and effect until 11:59 p.m. Eastern Standard Time on February 23, 2023, or until further order of this Court .…" (Compl. at 17.) Cox's requested relief fully impacts Mission Broadcasting.[2] Therefore, Mission Broadcasting is a necessary party.

### 1.     Complete Relief Cannot Be Accorded without Mission Broadcasting.

Plaintiffs improperly claims that complete relief can be accorded without Mission Broadcasting being a party to the case. Dkt. 42 at 5-13. Plaintiff is wrong; Mission Broadcasting

---

[2]   Cox also alleges "on or around December 18, 2020, Super Towers and WNAC stated to Cox that WNAC-TV will comprise an 'after-acquired' station under the retransmission agreement in place between Mission and Cox, instead of Mission assuming the WNAC Retransmission Agreement" (Compl. ¶ 34), and on "or around December 29, 2020, Cox notified Super Towers and WNAC that they would breach the WNAC Retransmission Agreement by failing to require Mission to assume and agree to the WNAC Retransmission Agreement" (Compl. ¶ 35). These allegations form the core of Cox's claim.

is inextricably impacted by the outcome of this action. Indeed, if the Court were to grant Plaintiff's requested relief, Mission Broadcasting would be significantly hampered in seeking to enforce its contractual rights against Cox. Dkt. 40 at 8-9. *See Acton Co. v. Bachman Foods, Inc*., 668 F. 2d 76, 78 (1st Cir. 1982); *Gonzalez v. Cruz,* 926 F.2d 1, 6 (1st Cir.1991). Moreover, Defendants no longer even own the station at issue. As explained in Defendants opening brief, the real crux of the issue is determining which contract applies; and that inquiry must include the station's current owner, Mission Broadcasting. Dkt. 40 at 7. Relief between the existing parties does not answer that question. *Id.*

Plaintiff insists that the only document needed to resolve the dispute is the WNAC Retransmission Agreement, while simultaneously introducing a deluge of extrinsic evidence regarding industry custom, negotiation history, and its interpretation of the Mission Retransmission Agreement. Cox's opposition brief supports the position that this is not a straightforward breach of contract case. Rather, this case involves the interpretation of two contracts, including one between Mission Broadcasting and Cox. Plaintiff's attempt to avoid its obligations by racing to get a judgment without affording Mission Broadcasting the opportunity to protect its bargained for rights should not be countenanced. Dkt. 40 at 7; *Acton*, 668 F.2d, 78; *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 467 (D. Mass 2011).

2.  **Mission Broadcasting's Rights Will Be Significantly Impeded.**

Plaintiff asserts that Mission Broadcasting is not a necessary party because its absence from this action will not impair its ability to protect its interests. Dkt 42 at 13-15. As explained in the Opening Brief, under this subsection, a party is necessary if it has an interest relating to the subject of the action and is so situated that disposing of the action in the party's interest may "as a practical matter impair or impede the [party's] ability to protect the interest." Rule 19(a)(1)(B)(i). Dkt 40

at 6.  That is exactly the case here.[3]  As explained above, the very first item in Plaintiff's prayer for relief is a request for declaratory judgment ordering that the terms of the WNAC Retransmission Agreement is deemed valid and controlling.

*Downing* is instructive on this point.  There, Plaintiff brought a class action suit seeking injunctive relief against Globe Direct LLC for violations of the Drivers Privacy Protection Act ("DPPA").  Defendant had a contract with the Massachusetts RMV to mail registration renewal notices to motor vehicle owners.  *Downing*, 806 F. Supp. at 463-464.  The contract with Massachusetts RMV permitted the defendant to include advertisements with the registration renewal mailings.  *Id*.  Plaintiff alleged that including advertisements in those mailings violated the DPPA and sought to end that practice.  *Id*.  The court found that the Massachusetts RMV was an indispensable party because plaintiff's requested relief would effectively "automatically terminate Massachusetts's contract." *Id*. at 467.

The same is true here.  Even if Mission Broadcasting was not formally bound by the outcome, "an adverse ruling would be a persuasive precedent in a subsequent proceeding, and would weaken [its] bargaining position for settlement purposes." *Acton Co. v. Bachman Foods, Inc.*, 668 F. 2d 76, 78 (1st Cir. 1982); *Gonzalez v. Cruz,* 926 F.2d 1, 6 (1st Cir.1991); *Latin Uno, Inc. v. Univision Communications, Inc.*, 2019 WL 469843 at *6 (D. P.R. 2019) (finding that a

---

[3] *See Puerto Rico Medical Emergency Group, Inc. v. Iglesia Episcopal Puertorriqueña, Inc*., 321 F.R.D. 475, 480 (D. P. R. 2017) (finding that a third party was indispensable pursuant to Rule 19(a)(1)(B)(i) where a court order regarding how disputed contracts are to be performed or enforced could potentially prejudice third party in future litigation.); *Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon*, 728 F. Supp.2d 14, 28 (D. P.R.2010) (finding that other co-heirs were indispensable parties to a wrongful death action because any determination made by the court would affect the non-party heirs' interests.); *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 467 (D. Mass 2011) (finding that Massachusetts Registry of Motor Vehicles ("RMV") had an interest in class action dispute where Plaintiffs sought injunctive relief barring Defendant from performing certain obligations under its contract with the Massachusetts RMV.)

8

potential adverse ruling could impair third party's success in a future proceeding or negatively impact settlement prospects.).

Plaintiff claims that a party is not necessary because their rights or obligations may be affected by the result, citing *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 968 F.2d 1463, 1472 (1st Cir. 1992).  That reliance is misplaced.  *Ferrofluidics* involved a dispute between a manufacturer and a former employee, who was subject to a non-compete agreement, who attempted to circumvent the agreement and launch a competitor company with a third party. *Ferrofluidics*, 968 F.2d at 1472. The third party's interest in the case was limited to a financial interest in the competitor because in the event that the non-compete agreement against the former employee was enforced, then the putative competitor would not be able to employ the former employee and the competitor would not be as valuable.  *Id*.  The third party investor did not have any contractual privity with the plaintiff, nor did the third party investor even have a direct investment in the defendant-former employee.

Here, however, Mission Broadcasting has an extant contractual relationship with Cox, and is alleged to have been required to have accepted assignment of the contract at issue.  In fact, it is difficult to imagine a party that would have a more direct interest in the outcome of this litigation than Mission Broadcasting.

As with *Ferrofluidics*, Plaintiff's reliance *The Aulson Co. v. Boston Ship Repair LLC*, No. 13-cv-10268, Dkt. 24, slip op. 1 (D. Mass. Dec. 26, 2013*)* is misplaced. There, defendant Boston Ship Repair LLC ("BSR") was retained by third party Ocean Ships Inc. ("OSI") to perform work on a military cargo ship.  BSR subcontracted certain of that work to plaintiff Aulson for assistance with an aspect of the repair, and incorporated specifications from the BSR-OSI contract into the BSR-Aulson contract.  Aulson filed a suit for breach of contract against BSR for failure to pay for

9

the work, and BSR filed its own breach claim against Aulson for failure complete the work on time. BSR moved to dismiss on the grounds that the Aulson lawsuit should be dismissed for failure to join allegedly indispensable OSI. The court denied the motion, explaining that OSI was not an indispensable party because even if OSI's rights were tangentially affected by the outcome of the action between Aulson and BSR, OSI was not a party to any contract with Aulson and OSI would still have unimpeded contractual rights that it could assert against BSR.

In the instant case, Plaintiff's requested relief leaves little room for Mission Broadcasting to pursue its own contractual rights. If the Court were to issue a declaratory judgment order that the terms of the WNAC Retransmission Agreement control the rebroadcasting of WNAC (which Mission Broadcasting now owns) by Cox, then the terms of the Mission Retransmission Agreement would not also be able to control. Dkt. 40 at 8-9. *See also Acton*, 668 F.2d, 78; *Downing*, 806 F. Supp. 2d, 467.[4]

Plaintiff also argues that Defendants are "confusing 'inconsistent obligations with inconsistent adjudications.'" Dkt. 42 at 15. Not so. As Plaintiff itself acknowledges, Mission Broadcasting's liability is not at issue. Dkt. 42 at 15. The issue is Plaintiff's requested relief. Plaintiff's repeated insistence that it cannot understand how a determination in this case will affect

---

[4] Plaintiff's reliance on *Phio Pharms. Corp. v. Khvorova*, 2019 WL 2393792 (D. Mass. June 6, 2019) (Casper, J.) is equally misplaced. In *Phio Pharms.*, an employer sought declaratory relief to enjoin a former employee from using confidential documents and trade secret information in her new research position at a new employer, the University of Massachusetts medical school ("UMass"). *Phio Pharms.*, 2019 WL 2393792, at *2-3. The former employee argued that UMass was a necessary and indispensable party because the requested relief could potentially impede UMass's ownership interest in a patent. *Id*. at *4. The Court found that UMass was not a necessary and indispensable party because the plaintiff's requested relief concerned only the former employee's use of confidential information and trade secrets, not any determination as to the ownership rights of the patent or the development of the patent. *Id*. Accordingly, the requested relief would not determine UMass's potential ownership interest or rights. Here, Plaintiff's requested declaratory relief squarely implicates Mission Broadcasting's agreed-upon contract with Plaintiff. Dkt. 40 at 7-9. *See also Downing*, 806 F. Supp. 2d, 467.

Mission Broadcasting's separate interests in nonsensical. Dkt. 40 at 8; *see also Downing* 806 F. Supp. 2d at 467 (finding that injunctive relief sought would automatically terminate third party's contract.)

Mission Broadcasting is a necessary party under Rule 19(a)(1)(B)(i). But by failing to name Mission Broadcasting as a party to this lawsuit, Cox is seeking to evade its responsibilities under the Mission Retransmission Agreement and deprive Mission Broadcasting of the ability to enforce the bargained-for terms of its agreement with Cox. Plaintiffs' requested relief has the potential to ***completely redefine*** the terms of Mission and Cox's contract regarding WNAC. This is more than a passing financial interest in a dispute between two separate parties. Mission is a necessary party.

### 3. Mission Broadcasting Has No Obligation to Intervene, and Failure to Intervene Does Not Forfeit an Interest.

Plaintiffs make much of the fact that Mission Broadcasting has not chosen to intervene in the present case. Dkt. 42 at 16. Mission Broadcasting would not be able to intervene in this case. The Court does not have federal question jurisdiction because Plaintiff is seeking declaratory relief against the wrong party. *See infra* Section II. Since jurisdiction is based solely on § 1332, the Court cannot exercise supplemental jurisdiction under § 1367(b). *Id*.

In addition, Mission has no obligation to intervene. *See Tell v. Trustees of Dartmouth College*, 145 F.3d 417, 419 (1st Cir. 1998). That Mission Broadcasting has not chosen to intervene at this point does not invalidate a clear interest relating to the outcome of the present case. *Id.* ("[A]ppellants say that the Alumni Association has been silent and therefore cannot be a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence" may have the prejudicial effect described in Rule 19(a). But "claims an interest" in this context means nothing more than appears to have such an interest.").

11

Indeed, the First Circuit further clarified that "[i]n all likelihood, the word 'claims' was used by the drafters not to suggest that a necessary party had to come forward—such 'parties' are commonly not heard from at all—but to debar any inference that the necessary party had to have a proven interest as opposed to a colorable claim to one." *Id*. at 419 n.2.

## II.     MISSION BROADCASTING CANNOT BE JOINED

Plaintiff contends that the Court has jurisdiction over Mission Broadcasting under both diversity (notwithstanding Plaintiff's own concession it is not diverse to Mission) and federal question.  Dkt. 42 at 17.  Neither theory holds water.

*First*, Plaintiff's federal question jurisdiction theory is grounded in Plaintiff's concern that it *could* be subject to a copyright infringement claim under the Copyright Act. Dkt. 42 at 17.  That is plainly insufficient to create federal question jurisdiction.

Neither Defendants nor Mission have filed or even threatened to file a suit against Plaintiff for a copyright infringement claim.  *See*, Exhibit 1, 08-18-2021 Letter from M. Solum. Moreover, Defendants are not even eligible to file a copyright claim *as they do not own the station*.  Given this, there is no basis for a declaratory judgment that Plaintiff is not violating the copyright laws. *See* 28 U.S.C. § 2201 (the Declaratory Judgment Act requires that there be a live case or controversy.); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil. Co*, 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of such immediacy and reality to warrant issuance of a declaratory judgment.")

*Micro Focus (US), Inc. v. Genesys* Software Systems, Inc., 2015 WL 4480358 (D. Mass. 2015) is instructive on this point.  In *Micro Focus*, plaintiff Micro Focus brought claims against

defendant Genesys alleging breach of contract. *Micro Focus*, 2015 WL 4480358 at *1. Genesys filed a counterclaim seeking declaratory judgment that it had not infringed any copyright or patent owned by Micro Focus. *Id*. The court found that there was no actual case or controversy because there was no evidence that Micro Focus "raised, or even threatened to raise, a patent or copyright infringement claim" and because Micro Focus "maintain[ed] that it purposefully 'styled the controversy' as a breach of contract rather than a copyright claim." *Id*. at 2-3. *Compare Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp.2d 150, 158-160 (D. Ma 2009) (dismissing counterclaim for declaration of non-infringement of 55 patents for lack of subject matter jurisdiction and finding that communications between the parties suggesting a review of [Michigan Diagnostics]'s entire patent portfolio without either party making particularized suggestions of potential infringement did not establish an actual case or controversy with respect to such potential federal claims), *with New England Gen-Connect, LLC v. US Carburetion, Inc*., 2015 WL 13229183, at *2 (D. Mass. 2015) (finding that a letter in which defendant explicitly accusing Plaintiff of patent infringement and asserting that they "actively and aggressively enforce its valuable patent rights" was enough to establish an actual controversy). Neither Defendants nor Mission Broadcasting have raised, or even threatened to raise a copyright infringement claim against Plaintiff. Plaintiff's conjecture as to what claims Defendants and/or Mission Broadcasting might hypothetically pursue is not enough to establish subject matter jurisdiction pursuant to the Declaratory Judgment Act.

*Second*, Plaintiff's contention that Mission Broadcasting can be joined without destroying diversity jurisdiction is incorrect. Under § 1367(b), a district court cannot exercise supplemental jurisdiction over "claims made by persons proposed to be joined as plaintiffs under Rule 19 of [the Federal Rules of Civil Procedure] or seeking to intervene as plaintiffs under Rule 24 of such rules,

13

when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332." *See* U.S.C. § 1367.[5]

### III. UNDER RULE 19(B), THE COURT SHOULD DISMISS THE COMPLAINT INSTEAD OF ALLOWING IT TO PROCEED IN MISSION BROADCASTING'S ABSENCE.

Plaintiff argues that even if Mission Broadcasting is a necessary party that cannot be joined, it is not in indispensable party because the Rule 19(b) factors do not support dismissal. Dkt. 42 at 18. Not so. As explained in the Opening Brief, each factor favors dismissal. Dkt. 40 at 10.

Plaintiff first asserts that Mission's absence would not prejudice anyone because this is a dispute between Cox, Super Towers, and WNAC, LLC. Dkt. 42 at 18. This defies logic. Plaintiff's request for declaratory judgment directly impacts Mission's rights. Dkt. 40 at 7-9; Section I and I(2), *supra*; *Downing*, 806 F. Supp. 2d at 467.

Plaintiff further suggests that Super Towers or WNAC can adequately represent Mission Broadcasting's interest because Mission Broadcasting is indemnifying Defendants, and the parties share the same counsel. Dkt. 42 at 16. Being aligned with the parties in the case—even if closely—is not the same as being in the case. Neither Defendant is a party to the Mission Retransmission Agreement, nor does either Defendant have the authority to argue for or enforce the terms of the Mission Retransmission Agreement. This dispute is between Mission Broadcasting and Cox. Mission Broadcasting should be a party. *See Tell v. Trustees of Dartmouth College,* 145 F.3d 417, 419 (1st Cir. 1998) (affirming dismissal under Rule 19 and observing that "without *a perfect*

---

[5] *See also Liberty Mut. Group v. Hillman's Sheet Metal and Certified Welding, Inc.*, 168 F.R.D. 90, 92-93 (D. Maine 1996) (finding that the court was precluded from exercising supplemental jurisdiction over claims of a nondiverse plaintiff-intervenor where jurisdiction was based solely on § 1332.); *American Honda Motor Co., Inc. v. Clair Intern., Inc.*, 1999 WL 414323 at *2 (D. Mass Apr. 16, 1999) (finding no supplemental jurisdiction over nondiverse third party intervenor where jurisdiction was based solely on § 1332.)

*identity* of interests, a court must be very cautious in concluding that a litigant will serve as a proxy for an absent party ... [A]n obvious potential exists for conflict.") (emphasis added).

Plaintiff also fails to establish that any prejudice to Mission Broadcasting "could be lessened or avoided by shaping the relief." Dkt. 42 at 19. Plaintiffs' sought judgment in the absence of Mission Broadcasting fully steps on Mission Broadcasting's rights. Dkt. 40 at 10; *Picciotto*, 512 F.3d at 18 (dismissing action for failure to join indispensable party where it would be "difficult if not impossible to shape relief that would not implicate" indispensable party's interests); *see also Phoenix Ins. Co. v. Delangis,* No. CIV.A. 14-10689-GAO, 2015 WL 1137819 (D. Mass. Mar. 13, 2015). Plaintiff's argument that the Court could grant the requested relief "without ordering Mission to do anything" provides no comfort. Dkt. 42 at 19. The issue is not that Mission will be ordered to do anything. Rather, the issue is that the requested relief would allow Plaintiff to *not* do something, which is abide by the terms of the Mission Retransmission Agreement. *See Picciotto*, 512 F.3d at 18. That harm cannot be ameliorated.

Finally, Plaintiff claims that if the case is dismissed, it will be without adequate remedy. Dkt. 42 at 19-20. Nonsense. Plaintiff, notwithstanding its protests to the contrary, has an adequate remedy; it can refile its complaint with Mission Broadcasting as a defendant in a court with jurisdiction (notwithstanding that its allegations are hopelessly flawed). *Picciotto*, 512 F.3d at 18 (ability to file in state court is an adequate remedy); *Phoenix Ins.*, 2015 WL 1137819, at *7; *Plymouth Yongle Tape (Shanghai) Co., Ltd. v. Plymouth Rubber Co., LLC*, 683 F. Supp. 2d 102, 117 (D. Mass. 2009) (finding that where third party was indispensable and would destroy diversity jurisdiction, Plaintiff could bring claims in state court or through arbitration).

15

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant Defendant's motion to dismiss.

Respectfully submitted,

SUPER TOWERS, INC. AND WNAC, LLC,

By their attorneys,

/s/ *Andrew R. Dennington*
Andrew R. Dennington, BBO #666892
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
One Federal Street, 15th Floor
Boston, MA 02110
Tel: (617) 482-8200
Email: adennington@connkavanaugh.com

Matthew Solum*
Brittney Nagle*
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4688
Email: msolum@kirkland.com
*admitted pro hac vice

Dated: October 6, 2021

## CERTIFICATE OF SERVICE

I, Andrew R. Dennington, hereby certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 6, 2021.

/s/ *Andrew R. Dennington*
Andrew R. Dennington, BBO #666892

2931287.1 05831.000

# EXHIBIT 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Matthew Solum, P.C.
To Call Writer Directly:
+1 212 446 4688
matthew.solum@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 18, 2021

Brian O'Connor Watson
Riley Safer Holmes & Cancila LLP
70 Madison St., Ste 2900
Chicago, Illinois 60602
bwatson@rshc-law.com

Re: Notice of Breach

Dear Mr. Watson:

As you know, Mission Broadcasting, Inc. ("Mission") acquired television station WNAC ("WNAC") from WNAC, LLC on June 16, 2021. Pursuant to Section 19(b) of the Mission Retransmission Consent Agreement between Mission and CoxCom, LLC d/b/a Cox Communications ("Cox"), dated December 28, 2018 (the "Agreement"), the Agreement controls the retransmission of WNAC's broadcast signal to Cox's subscribers in the Providence and New Bedford area.

Nevertheless, on July 7, 2021, Cox filed a lawsuit (the "Lawsuit") against Super Towers, Inc. ("Super Towers") and WNAC, LLC (collectively, "Defendants") alleging that a separate retransmission agreement among Cox, WNAC and Super Towers (the "WNAC Retransmission Agreement") somehow governs the retransmission of that broadcast signal. The Lawsuit does not even mention the Agreement.

Cox is continuing to prosecute the Lawsuit and, on August 13, 2021, has ostensibly paid Mission for the retransmission of WNAC's broadcast signal to Cox's subscribers in the Providence and New Bedford area pursuant to the WNAC Retransmission Agreement.

Cox's filing and prosecution of the lawsuit and its August 13, 2021 payment are in breach of the Agreement.

Cox must remedy these breaches within thirty (30) days.

**KIRKLAND & ELLIS LLP**

Brian O'Connor Watson
August 18, 2021
Page 2

    Mission reserves all rights.

                                Regards,

                                Matthew Solum, P.C.